IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Fetch! Pet Care, Inc., : | |
| Plaintiff : | |
| v. : | |
| : | **CIVIL ACTION NO. 3:24-cv-1010** |
| Pam Axelson, Happy Tails Pet Sitting, : | |
| LLC, and Talon Brown, : | |
| Defendants : | |

## AMENDED COMPLAINT

Plaintiff Fetch! Pet Care, Inc., by and through its undersigned counsel, alleges the following:

1. Plaintiff Fetch! Pet Care, Inc., is a corporation organized and existing under California law with its headquarters in Dayton, Ohio.

2. Defendant Pam Axelson ("Axelson"), is, upon information and belief, a citizen and resident of North Carolina.

3. Defendant Happy Tails Pet Sitting, LLC ("Happy Tails"), is, upon information and belief, a limited liability company organized and existing under North Carolina law with its principal place of business in Lincolnton, North Carolina.

4. Defendant, Talon Brown ("Brown"), is, upon information and belief, a citizen and resident of North Carolina.

5. Upon information and belief, Brown is Axelson's son.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

7. Venue is proper in this district under 28 U.S.C. § 1391 because Happy Tails' corporate headquarters and principal place of business are located in this district.

1

4869-0735-9983:24-cv-01010-MOC-SCR    Document 18    Filed 02/21/25    Page 1 of 8

8. All conditions preceding to filing this action have been performed, occurred, or excused, including, but not limited to, that the filing of this action is prior to the expiration of any statutes of limitations and/or statutes of repose.

## FACTUAL ALLEGATIONS

9. Plaintiff is in the business of selling, marketing, and supporting pet care service franchise businesses.

10. Plaintiff's franchisees have access to Plaintiff's training, intellectual property, proprietary information, systems, methods, procedures, and customer lists, all of which constitute Plaintiff's trade secrets.

11. The Fetch! Pet Care, Inc. franchise agreement includes, among other things, a non-compete agreement and language to protect its intellectual property, proprietary information, systems, methods, procedures, and customer lists.

12. Such precautions and protections are necessary in order to fairly compete in the highly competitive pet care services industry.

13. In March of 2021, Plaintiff and Axelson entered a franchise agreement for Axelson to own and run a Fetch! Pet Care franchise in an area of North Carolina to include zip codes: 28012, 28056, 28086, 28054, 28052, 28092, 28033, 28021, 28077, 28164, 28120, 28034, 28098, and 28101.

14. Upon information and belief, Brown was an active participant, employee, and/or owner of Axelson's Fetch! Pet Care franchise.

15. Upon information and belief, Axelson shared information about the Fetch! Pet Care franchise with Brown, including, but not limited to, its trade secrets, customer information, marks, and intellectual property.

16. After roughly three years of owning and operating a Fetch! Pet Care franchise, Axelson wrongfully terminated the franchise agreement. She maintained Plaintiff's training, intellectual property, proprietary information, systems, methods, procedures, and customer lists, and used this information to start a competing pet care business, Defendant Happy Tails Pet Sitting, LLC, in the target area identified in Axelson's franchise agreement.

17. Happy Tails Pet Sitting, LLC is owned and operated by Brown and/or Axelson.

18. Brown and Axelson have used, and are currently using, Plaintiff's training, intellectual property, proprietary information, systems, methods, procedures, and customer lists to run Happy Tails Pet Sitting, LLC in the target area identified in Axelson's franchise agreement.

## FIRST CLAIM FOR RELIEF
### Breach of Contract
### (Against Axelson)

19. Plaintiff incorporates by reference all allegations set forth above as though fully set forth herein.

20. On or about March 30, 2021, Plaintiff and Axelson entered into a franchise agreement (the "Agreement") with Plaintiff as the franchisor and Axelson as the franchisee for a Fetch! Pet Care franchise.

21. The Agreement constituted a valid contract between Plaintiff and Axelson.

22. Axelson breached the Agreement, and continues to breach the Agreement, by:

    a) wrongfully terminating the contract;

    b) owning, operating, and or otherwise being involved with a competing pet care company;

    c) utilizing Plaintiff's trade secrets, intellectual property, proprietary information, systems, methods, procedures, and customer lists; and

    d) in other and further particulars which will be shown at trial.

23. Implied into the Agreement is a duty that Axelson act in good faith and deal fairly with Plaintiff, including that Axelson not interfere with Plaintiff's rights and benefits afforded under the Agreement.

24. Axelson's actions as stated herein have injured the right of Plaintiff to receive the benefits of the Agreement.

25. Axelson's actions as stated herein constitute a breach of the covenant of good faith and fair dealing implied in all contracts under North Carolina law.

26. As a direct and proximate result of Axelson's breach, Plaintiff is entitled to damages against Axelson in an amount more than $75,000.00 plus all available interest, costs and attorney's fees incurred.

**SECOND CLAIM FOR RELIEF**
**Unfair and Deceptive Trade Practices**
**(Against All Defendants)**

27. Plaintiff incorporates by reference all allegations set forth above as though fully set forth herein.

28. Chapter 75 of the North Carolina General Statutes prohibits "unfair or deceptive acts or practices in or affecting commerce". N.C. Gen. Stat §75-1.1(a).

29. At all times relevant to this Complaint, Defendants were engaged in commerce in North Carolina.

30. Defendants knowingly and intentionally used Plaintiff's trade secrets, intellectual property, proprietary information, systems, methods, procedures, and customer lists in running, operating, and advertising Happy Tails and its services.

31. Defendants' conduct in this regard was in or affecting commerce as their acts were directly related to and applied to their on-going pet care business.

32. Defendants' actions proximately caused damage to Plaintiff in the following particulars:

    a) dilution of the Fetch! brand;

    b) wrongful appropriation and use of Plaintiff's confidential and/or proprietary information;

    c) infringement on Plaintiff's brand and intellectual property;

    d) in other and further particulars which will be shown at trial.

33. As a proximate result of Defendants' unfair and deceptive trade practices, Plaintiff has suffered, and continues to suffer, over $75,000.00 in damages and is entitled to recovery such amounts as may be proven at trial, treble damages, attorney's fees, and costs.

### THIRD CLAIM FOR RELIEF
### Trade Secrets Protection Act
### (Against All Defendants)

34. Plaintiff incorporates by reference all allegations set forth above as though fully set forth herein.

35. Chapter 66 of the North Carolina General Statutes provides that an "owner of a trade secret shall have remedy by civil action for misappropriation of his trade secret." N.C. Gen. Stat §66-153.

36. Axelson, as a Franchisee of Plaintiff had access to Plaintiff's intellectual property, proprietary information, systems, methods, procedures, and customer lists, all of which constitute Plaintiff's trade secrets.

37. Plaintiff derives independent actual or potential commercial value from its trade secrets not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use.

38. Plaintiff's trade secrets are the subject of efforts that are reasonable under the circumstances to maintain their secrecy.

39. Defendants knew of Plaintiff's trade secrets.

40. Defendants have acquired, disclosed, and used Plaintiff's trade secrets without the express or implied consent or authority of Plaintiff.

41. As a proximate result of Defendants' violation of the Trade Secrets Protection Act, Plaintiff has suffered, and continues to suffer, over $75,000.00 in damages and is entitled to recovery such amounts as may be proven at trial, exemplary damages, punitive damages, attorney's fees, and costs.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Against All Defendants)

42. Plaintiff incorporates by reference all allegations set forth above as though fully set forth herein.

43. Plaintiff conferred benefits on defendants in the specifics set forth herein.

44. The benefits conferred on Defendants were not done so officiously.

45. The benefits conferred on Defendants were not gratuitous.

46. The benefits conferred on Defendants are measurable as set forth herein.

47. Defendants consciously accepted the benefits.

48. Under these circumstances it would be unfair for Defendants to retain the benefits without Plaintiff being repaid or compensated.

49. These benefits were conferred on Defendants under circumstances which give rise to a legal and/or equitable obligation on the part of Defendants to account for the benefits received.

50. As a proximate result of Defendants' unjust enrichment, Plaintiff has suffered, and continues to suffer, over $75,000.00 in damages and is entitled to recovery such amounts as may be proven at trial, exemplary damages, punitive damages, attorney's fees, and costs.

# FIFTH CLAIM FOR RELIEF
## Conspiracy
### (Against All Defendants)

51. Plaintiff incorporates by reference all allegations set forth above as though fully set forth herein.

52. The above acts were wrongful and/or unlawful.

53. There was an agreement by and between Defendants to commit the above referenced wrongful and/or unlawful acts.

54. The above referenced wrongful and/or unlawful acts committed by Defendants were done pursuant to a common scheme by and between them.

55. The above referenced wrongful and/or unlawful acts committed by Defendants resulted in damages to Plaintiff inflicted by one or more of the conspirators.

56. As a proximate result of Defendants' conspiracy, Plaintiff has suffered, and continues to suffer, over $75,000.00 in damages and is entitled to recovery such amounts as may be proven at trial, exemplary damages, punitive damages, attorney's fees, and costs.

WHEREFORE, having asserted claims against Defendants, Plaintiff prays the Court as follows:

1. For damages in excess of $75,000, together with all applicable interest;

2. That Plaintiff be awarded actual damages to be determined at trial;

3. That Plaintiff be awarded treble and exemplary damages as set forth in N.C. Gen. Stat §75-1.1, *et seq.*;

4. That Defendants pay all of Plaintiff's attorney's fees as allowed by law, including, but not limited to, N.C. Gen. Stat §75-16.1;

5. That the court tax all costs of this action to Defendants;

6. For a trial by jury on all issues so triable herein; and

7. For such other and further relief to which Plaintiff may be entitled or which the Court determines is just and proper.

JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE

This the 21st day of February, 2025.

HAMILTON STEPHENS
STEELE + MARTIN, PLLC


By: /s/Graham B. Morgan
Graham B. Morgan (NC Bar No. 53561)
525 N. Tryon St., Suite 1400
Charlotte, NC 28202
Telephone: 704-344-1117
Facsimile: 704-344-1483

-and-

*s/Jason A. Daigle*
JASON A. DAIGLE (SC Bar No. 73308)
Admitted *Pro hac vice*
Federal I.D. #: 9588
SAXTON & STUMP
151 Meeting Street, Suite 400
Charleston, South Carolina 29401
Tel: 843-823-6504
jdaigle@saxtonstump.com

*Counsel for Plaintiffs*